UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY R. PERRY,

    **Plaintiff,**

v.                                Civil Action 1:22-cv-178
                                   Judge Sarah D. Morrison
                                   Magistrate Judge Chelsey M. Vascura

RONALD ERDOS, *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an Ohio inmate proceeding without the assistance of counsel, brings this action against several employees of Southern Ohio Correctional Facility ("SOCF") under 42 U.S.C. § 1983 alleging that prison officers used excessive force in violation of the Eighth Amendment and that he was denied due process in the ensuing disciplinary proceedings in violation of the Fourteenth Amendment. This matter is before the Court for the initial screen of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, Plaintiff **MAY PROCEED** on his Eighth Amendment excessive force claim against Defendants Dofflemyer, Pierce, Scott, and Fry, and the undersigned **RECOMMENDS**

that the Court **DISMISS** Plaintiff's remaining claims pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

## I. STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious; [or]
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

2

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim

3

asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II. ANALYSIS

At all relevant times, Plaintiff was incarcerated at SOCF. Plaintiff's Amended Complaint alleges that Plaintiff was the victim of excessive force on June 25, 2020, when he was "beaten, stomped, punched, kicked in the face with PR sticks and was called a nigger" by Defendants Dofflemyer, Pierce, Scott, and Fry. (Am. Compl. 4, ECF No. 10.) Plaintiff also alleges that this use of force caused him "suffering and severe pain in my left hand, arm, and wrist." (*Id.*) He further alleges that and that Defendants Erdos, Davis, and Mahlman "cover[ed] up the reports" and "l[ied] under oath by charging [Plaintiff] for assaulting a staff officer" and increasing Plaintiff's security status. (*Id.*)

On June 8, 2022, Plaintiff filed a Motion to State Each Defendant Involved in Claim. (ECF No. 27.)[1] Therein, Plaintiff further alleges that Defendant Mahlman lied under oath by stating that Defendant Fry was not present during Plaintiff's beating by Dofflemyer, Pierce, Scott on June 25, 2020. (*Id.* at 2.) Plaintiff also contends that Defendant Davis denied Plaintiff a transfer to a different facility, which caused him to face retaliation during the assault on June 25, 2020. (*Id.* at 3.) Davis also allegedly lied when she stated that the officers came to Plaintiff's cell on June 25, 2020, for something Plaintiff had or had not done to Dofflemyer, Pierce, Scott, and Fry the week prior to the assault. (*Id.* at 3–4.) Plaintiff also attaches a Serious Misconduct Panel report reflecting a finding that Plaintiff assaulted a staff member on June 25, 2020 (the day he was allegedly beaten), and that he threatened harm to staff members on June 25, 2020, and January 25, 2020. As a result, he was placed in extended restrictive housing for a period of two

---

[1] The Court construes this filing (ECF No. 27) as a motion to amend Plaintiff's Amended Complaint (ECF No. 10) with additional factual allegations and **GRANTS** the motion.

4

years (with a presumptive release date after one year). (ECF No. 27, PAGEID #269–73.) Plaintiff also includes for the first time allegations relating to Corrections Officer Dustin Deemer, who is not a named Defendant, alleging that Deemer said he will "give [Plaintiff] hell from here on out" in retaliation for Plaintiff's complaints about the June 25, 2020 beating and assaulted Plaintiff on October 15, 2021. (ECF No. 27 at 1.) Finally, Plaintiff's filings make passing mention to Doe Defendants but do not contain allegations as to their conduct. Plaintiff seeks compensatory damages and injunctive relief.

The undersigned construes Plaintiff's allegations to advance an Eighth Amendment excessive force claim arising out of the alleged June 25, 2020 beating and a Fourteenth Amendment due process claim arising out of allegedly deficient disciplinary proceedings that resulted in Plaintiff's placement in extended restrictive housing. Plaintiff **MAY PROCEED** on his Eighth Amendment excessive force claim against Defendants Dofflemyer, Pierce, Scott, and Fry. It is **RECOMMENDED** that Plaintiff's remaining claims, however, be dismissed pursuant to § 1915A and § 1915(e) for failure to state a claim on which relief can be granted.

First, Plaintiff's claims against the Doe Defendants must be dismissed for lack of allegations specific to their conduct. The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)) (emphasis in original). "[C]ategorical references to 'Defendants'" do not meet this standard. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 596–97 (6th Cir. 2012). Neither do allegations that an individual defendant "was present and perhaps involved in [the plaintiff's] restraint," without allegations as

5

to the unconstitutionality of the individual defendant's actions. *Lanman*, 529 F.3d at 684. Thus, without identifying what allegedly unconstitutional action was taken by the Doe Defendants, Plaintiff cannot assert a viable claim against them. It is therefore **RECOMMENDED** that Plaintiff's claims against the Doe Defendants be **DISMISSED** pursuant to § 1915(e).

Plaintiff has further failed to plausibly allege a due process claim against Defendants Erdos, Mahlman, or Davis arising from his assignment to extended restrictive housing as a result of allegedly procedurally deficient disciplinary proceedings. Plaintiff's due process claim fails because he has not identified a constitutionally protected liberty interest implicated by the disciplinary proceedings. "Failing to follow proper procedures is insufficient to establish an infringement of a liberty interest." *Grinter v. Knight*, 532 F.3d 567, 574, 576 (citing *Olim v. Wakinekona*, 461 U.S. 238, 250 (1983)). Rather, "[a]n inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "To determine whether changed conditions are 'atypical and significant,' a reviewing court considers both the duration and the nature of the more restrictive confinement relative to 'prison norms and to the terms of the individual's sentence.'" *Id.* (quoting *Harden–Bey v. Rutter*, 524 F.3d 789, 792–93 (6th Cir. 2008)).

"An increase in security classification does not constitute an atypical and significant hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (cleaned up); *see also Moody v. Daggett*, 429 U.S. 79, 88 n.9 (1976) (change in "prisoner classification" does

6

not implicate a due process right); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that neither "punishment of more than 60 days of punitive segregation" nor a change in security classification "give rise to a protected Fourteenth Amendment Liberty interest"); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (holding that inmate's placement in disciplinary confinement or a change in security classification or housing assignment did not implicate the Due Process Clause). Courts in this District have expressly held that assignment to extended restrictive housing, ODRC's most restrictive security level, does not implicate a due process liberty interest. *See Cook v. Davis*, No. 1:19-CV-624, 2019 WL 4564741, at *4 (S.D. Ohio Sept. 20, 2019); *Wheeler v. Pickaway Corr. Inst.*, No. 2:19-CV-3512, 2019 WL 4744781, at *4 (S.D. Ohio Sept. 30, 2019); *Hairston v. Smith*, No. 2:18-CV-826, 2018 WL 4599905, at *4 (S.D. Ohio Sept. 25, 2018), *report and recommendation adopted*, 2018 WL 5268747 (S.D. Ohio Oct. 23, 2018).

Here, Plaintiff has not alleged that his placement in extended restrictive housing resulted in any atypical and significant hardship in relation to the ordinary incidents of prison life. Nor has he alleged that the disciplinary proceedings resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. Because Plaintiff does not have a constitutional right to a particular security level or housing assignment, it is **RECOMMENDED** that Plaintiff's Fourteenth Amendment due process claim be **DISMISSED.**

### III. DISPOSITION

For the foregoing reasons, Plaintiff **MAY PROCEED** on his Eighth Amendment excessive force claim against Defendants Dofflemyer, Pierce, Scott, and Fry, and it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's remaining claims pursuant to §§ 1915(e)(2) and 1915A(b)(1) for failure to state a claim on which relief may be granted.

Plaintiff has also filed a number of other motions which are resolved as follows:

- Plaintiff's "Amended Complaint Motions" (ECF No. 14) and "Motions to State a Claim" (ECF Nos. 19, 25) contain only citations to caselaw and no factual allegations specific to Plaintiff's case; as only factual allegations are at issue for the purposes of the initial screen of Plaintiff's claims under §§ 1915A and 1915(e), these motions (ECF Nos. 14, 19, 25) are **DENIED**.

- Plaintiff filed purported motions for summary judgment (ECF Nos. 16, 18), but later filed a motion seeking to withdraw his summary judgment motions (ECF No. 20.) His motion to withdraw (ECF No. 20) is **GRANTED**; accordingly, Plaintiff's motions for summary judgment (ECF No. 16, 18) are **DENIED AS MOOT**.

- Plaintiff's motion for extension of time to file an affidavit of merit (ECF No. 23) is **DENIED AS MOOT** as no affidavit of merit is currently due.

- Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 29) is **DENIED AS MOOT** because the Court already granted Plaintiff's previous motion for leave to proceed *in forma pauperis*. (*See* ECF No. 5.)

- As noted above, the Court construes Plaintiff's Motion to State Each Defendant Involved in Claim (ECF No. 27) as a motion to amend Plaintiff's Amended Complaint (ECF No. 10) with additional factual allegations and **GRANTS** the motion (ECF No. 27). Further, for docket clarity, the Clerk is **DIRECTED** to combine the Amended Complaint (ECF No. 10) and Plaintiff's Motion to State Each Defendant Involved in Claim (ECF No. 27) into a single document and file it on the docket as Plaintiff's Second Amended Complaint.

Finally, Plaintiff has not submitted the necessary summons or United States Marshals Service forms to effect service on Defendants Dofflemyer, Pierce, Scott, and Fry. In light of Plaintiff's *in forma pauperis* status, if Plaintiff submits the necessary forms, the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants Dofflemyer, Pierce, Scott, and Fry the summons, a copy of the Second Amended Complaint, and a copy of this Order and Report and Recommendation.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

8

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE