UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY R. PERRY,

    **Plaintiff,**

    v.

RONALD ERDOS, *et al.*,

    **Defendants.**

Civil Action 1:22-cv-178
Judge Sarah D. Morrison
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Plaintiff, an Ohio inmate proceeding without the assistance of counsel, brings this action against several employees of Southern Ohio Correctional Facility ("SOCF") under 42 U.S.C. § 1983 alleging that prison officers used excessive force in violation of the Eighth Amendment and that he was denied due process in the ensuing disciplinary proceedings in violation of the Fourteenth Amendment. Following an initial screen of Plaintiff's Amended Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court determined that Plaintiff could proceed on his individual-capacity Eighth Amendment excessive force claim against Defendants Dofflemyer, Pierce, Scott, and Fry arising out of the alleged June 25, 2020 beating; the Court dismissed Plaintiff's remaining claims. (ECF Nos. 30, 41.) This matter is before the Court for consideration of the Motion to Dismiss filed by Defendants Pierce and Dofflemyer and the State of Ohio as an interested party ("Defendants' Motion to Dismiss"). (ECF No. 77.) For the reasons that follow, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **DENIED**.

## I. BACKGROUND

As set forth above, only Plaintiff's individual-capacity excessive force claims against Defendants Dofflemyer, Pierce, Scott, and Fry arising out of the alleged June 25, 2020 beating remain pending. The undersigned summarized Plaintiff's allegations relating to this claim as follows:

> Plaintiff's Amended Complaint alleges that Plaintiff was the victim of excessive force on June 25, 2020, when he was "beaten, stomped, punched, kicked in the face with PR sticks and was called a nigger" by Defendants Dofflemyer, Pierce, Scott, and Fry. (Am. Compl. 4, ECF No. 10.) Plaintiff also alleges that this use of force caused him "suffering and severe pain in my left hand, arm, and wrist." (*Id.*)

(June 22, 2022 Order & R. & R. 4, ECF No. 30.)

In the subject Motion to Dismiss (ECF No. 77), Defendants argue that Plaintiff's excessive force claim must be dismissed as implausible because his allegations are contradicted by the exhibits he attached to his original Complaint. Defendants alternatively argue that dismissal is required because Plaintiff's excessive force claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny.

## II. STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not

"suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (cleaned up). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### III. DISCUSSION

The undersigned first considers Defendants' contention that the exhibits Plaintiff attached to his original Complaint renders his allegations implausible before turning to Defendants' alternative arguments that his claims are barred by *Heck v. Humphrey*.

**A.** **Plaintiff's Attachments**

Defendants acknowledge that Plaintiff's Amended Complaint sufficiently states an excessive force claim.  (*See* Defs.' Mot. to Dismiss 7, ECF No. 77.)  Defendants maintain, however, that Plaintiff's allegations are rendered implausible because those allegations are contradicted by the exhibits Plaintiff attached to his original Complaint.  Specifically, Defendant relies upon a "Disposition of Grievance" dated August 17, 2020.  (ECF No. 6 at PAGEID ##

3

149–50.) In this August 17 Disposition of Grievance, a prison official offers a number of reasons for denying Plaintiff's grievance relating to the June 25, 2020 incident. As relevant here, the prison official states that Defendants Scott and Fry could not have taken the actions Plaintiff alleges because they were not present on June 25 and also that Plaintiff's medical records state that he denied pain and injury and that an examination confirmed no signs of injury or distress. Citing this explanation offered by a prison official for denying Plaintiff's grievance, Defendants argue that "Plaintiff['s] pleadings are implausible because two of the four Defendants he claims took part in the beating were not working that day and he suffered no injury." (Defs.' Mot. to Dismiss 7, ECF No. 77.)

Defendants' argument improperly requires this to Court accept as true the prison official's statements in the August 17 Disposition of Grievance that Plaintiff attached to his original Complaint. Pursuant to Federal Rule of Civil Procedure 10(c), "a statement in a pleading *may be adopted by reference* elsewhere in the same pleading or motion." Fed. R. Civ. P. 10(c) (emphasis added). Further, a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." *Id*. Nevertheless, "it is generally not permissible to accept as true the defendants' responses to a *pro se* prisoner's grievances that are attached to his complaint, where the prisoner disputes the validity of the defendants' statements." *Turner v. Welkal*, No. 3:12-cv-0915, 2014 WL 347815, at *18 (M.D. Tenn. Jan. 31, 2014); *Jones v. City of Cincinnati*, 521 F.3d 555, 561 (6th Cir. 2008) ("Rule 10(c) does not require a plaintiff to adopt every word within the exhibits as true for purposes of pleading simply because the documents were attached to the complaint to support an alleged fact.").

Nothing in Plaintiff's Complaint or Amended Complaint reflects that he intended to accept as true or adopt the prison official's responses to his grievances. *Cf. Jones*, 521 F.3d at

4

561 (holding that attachment of a transcript of defendant's unilateral statements to complaint did not mean that the plaintiff adopted those statements but instead shows that the defendant made such statements); *Franklin v. Dudley*, No. CIV S-07-2259, 2009 WL 3073930, at *3 (E.D. Cal. Sept. 22, 2009) (statements defendant made in grievance were not adopted into complaint where plaintiff attached grievance to complaint to prove exhaustion of administrative remedies, and nothing in the complaint suggested that the plaintiff was adopting as true the defendant's statements).  It is therefore **RECOMMENDED** that the Court decline to rely upon the prison officials' statements in the grievances Plaintiff attached to his original Complaint to disturb its earlier holding that Plaintiff has sufficiently alleged an individual-capacity Eighth Amendment excessive force claim.

**B.**     ***Heck v. Humphrey***

Defendants alternatively argue for dismissal of this action as barred by *Heck v. Humphrey*.  Defendants reason as follows:

> Plaintiff's disciplinary conviction for Rules 4 (Causing, or attempting to cause, physical harm to another.) and 21 (Disobedience of a direct order) bars Plaintiff from succeeding on his claims as such a ruling would necessarily imply the invalidity of the convictions. [Doc. 6, PageID# 149; Ohio Admin. Code 5120-09-06]. If Plaintiff prevails in the current action, he will have established that his RIB conviction for a Rules 4 and 21 violation lacks any basis. As such a finding would necessarily imply the invalidity of the disciplinary conviction, it must be dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny.

(Defs.' Mot. to Dismiss 11, ECF No. 77.)

In *Heck v. Humphrey*, the United States Supreme Court held that, in assessing a claim under 42 U.S.C. § 1983, a court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."  512 U.S. 477, 487 (1994). If the claim would render a conviction or sentence invalid, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

5

*Id.* Courts now refer to this requirement as the "favorable termination rule." In *Edwards v. Balisok*, the Supreme Court extended this "favorable termination rule" to a prison disciplinary hearing resulting in the deprivation of good-time credits, where the prisoner's civil rights action alleging the denial of his due process rights would "necessarily imply" the invalidity of the deprivation of good-time credits. *See* 520 U.S. 641, 646 (1997).

The Sixth Circuit has explained that *Heck* operates to bar a § 1983 claim in two circumstances:

> In this Circuit, there are two circumstances under which *Heck* may apply to bar a § 1983 claim. "The first is when the criminal provision makes the lack of excessive force [or the lack of an illegal entry] an element of the crime." *Schreiber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010) (citing *Heck*, 512 U.S. at 486 n. 6, 114 S.Ct. 2364). "The second is when excessive force [or illegal entry] is an affirmative defense to the crime . . . . " *Id.* (citing *Cummings v. City of Akron*, 418 F.3d 676, 684 (6th Cir. 2005), for the proposition that "an assault conviction barred an excessive-force claim because the plaintiff did not raise excessive force as a defense."). *See also Gottage v. Rood*, 533 F. App'x 546, 550 (6th Cir. 2013); *Walker v. City of Lebanon*, No. 3:12–CV–855–H, 2013 WL 6185402, at *4 (W.D. Ky. Nov. 25, 2013). In each of these circumstances, the § 1983 suit would "seek[ ] a determination of a fact that, if true, would have precluded the conviction." *Schreiber*, 596 F.3d at 334. Therefore, in this Circuit, if a plaintiff asserts a claim that contradicts an element of an underlying criminal offense, or if that claim could have been asserted in criminal court as an affirmative defense, *Heck* applies to bar the § 1983 suit.

*Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608–09 (6th Cir. 2014).

Generally, excessive force claims "do not run afoul of *Heck* because the question of the degree of force used by a police or corrections officer is analytically distinct from the question whether the plaintiff violated the law." *Huey v. Stine*, 230 F.3d 226, 230 (6th Cir. 2000), *overruled in part on other grounds by Muhammad v. Close*, 540 U.S. 749, 754–55 (2004); *Swiecicki v. Delgado*, 463 F.3d 489, 493 (6th Cir. 2006), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007) (noting that "a claim of excessive force does not necessarily relate to the validity of the underlying conviction and therefore may be immediately cognizable"

6

(citation omitted)). In other terms, "[w]here there is room for the facts alleged by the plaintiff and the facts essential to the judgment . . . to peacefully co-exist, the § 1983 [claim] must be allowed to go forward." *Lockett v. Suardini*, 526 F.3d 866, 873 (6th Cir. 2008) (internal citations and quotations omitted). Courts must therefore "look both to the claims raised under § 1983 and to the specific offenses for which the § 1983 claimant was convicted." *Schrieber v. Moe*, 596 F.3d 323, 334 (6th Cir. 2010) (internal quotation marks and citation omitted).

In addition, claims for excessive force are not subject to *Heck's* bar when the alleged excessive force was applied *after* the activity giving rise to the conviction. *Sigley v. Kuhn*, Nos. 98-3977, 99-3531, 2000 WL 145187, at *4 (6th Cir. Jan. 31, 2000) (holding that excessive force occurring after the plaintiff's resistance and arrest would not necessarily imply the invalidity of the underlying conviction for resisting arrest); *Lassen v. Lorain Cty., Ohio*, No. 1:13-cv-1938, 2014 WL 3511010, at *4 (N.D. Ohio July 14, 2014) ("*Heck's* bar does not apply when the alleged excessive force was applied *after* an arrest." (citing *Michaels v. City of Vermillion*, 539 F. Supp. 2d 975, 992 (N.D. Ohio 2008)). Thus, "a court must carefully examine the facts and the temporal sequence of the underlying offense and the alleged unconstitutional conduct . . . ." *Hayward*, 759 F.3d at 612.

Here, notwithstanding Defendants' conclusory assertions to the contrary, the undersigned cannot, based upon the allegations in Plaintiff's Amended Complaint, conclude that Plaintiff's success on his § 1983 excessive force claim would necessarily imply the invalidity of his disciplinary convictions. Moreover, nothing in the pleadings reflects that Plaintiff's prison disciplinary convictions deprived him of good-time credits or otherwise extended his prison sentence. For these reasons, it is **RECOMMENDED** that the Court reject Defendants' argument that this action is *Heck*-barred.

## IV. DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that Defendants' Motion to Dismiss be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE