UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY R. PERRY,

    **Plaintiff,**

  v.                                        Civil Action 1:22-cv-178
                                                   Judge Jeffrey P. Hopkins
                                                   Magistrate Judge Chelsey M. Vascura

RONALD ERDOS, *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an Ohio inmate proceeding without the assistance of counsel, brings this action against several employees of Southern Ohio Correctional Facility ("SOCF") under 42 U.S.C. § 1983 alleging that Defendant prison officers Dofflemyer, Pierce, Scott, and Fri used excessive force in violation of the Eighth Amendment during an incident on June 25, 2020. This matter is before the Court on Plaintiff's Motion to File Rule 65 Injunction and Restraining Orders (ECF No. 100), Plaintiff's Motion to Grant Stolen Individual Property Claim (ECF No. 104), and Plaintiff's Motion to Appoint Counsel (ECF No. 105). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion for injunctive relief (ECF No. 100) be **DENIED**. Additionally, Plaintiff's motions to amend his Complaint to add allegations of property theft and Plaintiff's motion to appoint counsel (ECF Nos. 100, 104) are **DENIED**.

Plaintiff generally alleges that he is in fear for his life and safety due to remaining in the same facility as the four Defendants who allegedly beat him in June 2020, and complains that when he requested a transfer to another facility in August and September 2022, he was instead

placed in protective custody in the same facility in an unsanitary cell. (Pl.'s Mot. 1–2, ECF No. 100.) The Court construes Plaintiff's current Motion to seek injunctive relief in the form of a transfer to another facility.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Id.*

Here, Plaintiff has not made the necessary showing of a strong likelihood of success on the merits. Plaintiff faces a significant burden of proving that the force in question "was applied . . . maliciously and sadistically to cause harm," rather than "in a good-faith effort to maintain or restore discipline." *Wilkins v. Gaddy,* 559 U.S. 34, 37 (2010) (per curiam) (quoting *Hudson v. McMillian,* 503 U.S. 1, 7 (1992). Because Plaintiff and Defendants provide differing accounts of the June 2020 incident, resolving the differences in their accounts (and thus, whether there was a good faith basis for the application of force) will depend in large part on credibility determinations. *See Perdue v. Morgan*, No. 1:13-CV-878, 2014 WL 4912924, at *4 (S.D. Ohio Sept. 30, 2014). "It also remains to be seen whether and to what extent Plaintiff will be able to produce corroborating evidence separate from those documents containing or based upon his own averments and allegations." *Id.* Thus, the record currently available to the Court is not sufficient to demonstrate a strong likelihood of success on the merits. *See Johnson v. Payton,* No.

13-11437, 2013 WL 1843979 (W.D. Mich. Apr. 10, 2013) (denying preliminary injunctive relief where likelihood of success on prisoner's claims depended upon credibility assessments).

Nor has Plaintiff sufficiently alleged any irreparable harm. Although he states he fears further injury at the hands of Defendants, the incident underlying his Complaint occurred nearly three years ago, and he does not allege that the Defendants have continued to employ excessive force in the interim. Further, although transferring Plaintiff to another facility would not cause anyone substantial harm, the transfer would require the Ohio Department of Rehabilitation and Correction to incur additional cost, for what appears to be little benefit to anyone. The undersigned is therefore unable to conclude that the public interest would be served by issuing the injunction. The undersigned therefore **RECOMMENDS** that Plaintiff's Motion for injunctive relief (ECF No. 100) be **DENIED**.

Plaintiff's filing at ECF No. 100 and an additional Motion to Grant Stolen Individual Property Claim (ECF No. 104) also seek leave to amend his Complaint to add allegations regarding separate incidents involving alleged property theft by non-party Officer Lawson in July 2021 and by unspecified individuals in October 2022. But because these incidents are entirely unrelated to the alleged June 2020 beating by the four named Defendants, joinder of the property theft claims in this action is foreclosed by Federal Rule of Civil Procedure 20. Rule 20, which governs persons who may be joined in one action, provides in pertinent part as follows:

> Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to arising out of the same transaction, occurrence, or series of transactions or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). This means that a plaintiff may not "combine into one lawsuit unrelated claims against different defendants." *Robinson v. Rodarte*, 2017 WL 1017929, at *2 (E.D. Mich.

3

Feb. 6, 2017), report and recommendation adopted at 2017 WL 994350 (E.D. Mich. Mar. 15, 2017). In the context of claims brought by inmates, the United States Court of Appeals for the Seventh Circuit has also observed that, "[u]nrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 506 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Accordingly, Plaintiff's motions (ECF Nos. 100, 104) to amend his Complaint to add allegations of property theft are **DENIED**.

Finally, Plaintiff has moved for the appointment of counsel on his behalf. (ECF No. 105) As the Court has previously explained in denying Plaintiff's earlier motions for appointment of counsel (*see* ECF Nos. 33, 58, 60, 82, 93), although this Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated the factors used to assess whether such circumstances exist in this case and has determined that the circumstances of Plaintiff's case do not warrant the appointment of counsel at this juncture. Accordingly, Plaintiff's Motion (ECF No. 105) is **DENIED**.

In sum, for the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for injunctive relief (ECF No. 100) be **DENIED**. Further, Plaintiff's motions to amend his Complaint to add allegations of property theft (ECF Nos. 100, 104) and Plaintiff's motion to appoint counsel (ECF No. 105) are **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report and Recommendation, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report and Recommendation or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE