UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY R. PERRY,

    **Plaintiff,**

v.                                            Civil Action 1:22-cv-178
                                                 Judge Jeffery P. Hopkins
                                                 Magistrate Judge Chelsey M. Vascura

RONALD ERDOS, *et al.*,

    **Defendants.**

## OPINION AND ORDER

    Plaintiff, an Ohio inmate proceeding without the assistance of counsel, filed this civil rights action under 42 U.S.C. § 1983, alleging excessive force against several corrections officers of the Southern Ohio Correctional Facility ("SOCF"). (ECF No. 1.) This matter is before the Court on Defendant Garth Fri's Motion to Set Aside Default and Motion for Leave to File Answer *Instanter* (ECF Nos. 117–18). For the reasons that follow, Fri's Motions are **GRANTED**.

    Federal Rule of Civil Procedure 55 provides that courts "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In evaluating whether the movant has established good cause, the United States Court of Appeals for the Sixth Circuit instructs that courts must "assess 'whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838–39 (6th Cir. 2011) (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 844 (6th Cir. 1983)).

Although Rule 55(c) vests trial courts with discretion, this Court is mindful that "judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter Co.*, 705 F.2d at 845. Therefore, "any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *Id.* at 846 (internal quotation marks and citations omitted); *see also Dassault Systemes*, 663 F.3d at 841 (quoting *INVST Fin. Grp., Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (noting that in conducting reviews of denials of motions to set aside entries of default, the Sixth Circuit construes "'all ambiguous or disputed facts in the light most favorable to the defendant[ ],' resolving any doubts in his favor" given the "general preference for judgments on the merits").

Applying the foregoing considerations, the Court finds that good cause exists to vacate the Entry of Default. First, Fri's conduct was not willful. Within the context of vacating an entry of default, "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986). Fri avers that, after he was served with the summons and Complaint at his residence, he contacted SOCF to inquire as to his next steps, but never received a response and assumed that SOCF would be preparing the necessary paperwork to allow him to request representation through the Ohio Attorney General. (Fri Decl. ¶¶ 4–6, ECF No. 117-1.) Fri was contacted by the Ohio Attorney General's Office on or about May 12, 2023, but the Court entered default against him on May 15, 2023, before he had a chance to file his Answer. (*Id.* at ¶ 9; ECF Nos. 114–15.) Fri promptly moved to set aside the entry of default on May 22, 2023. (ECF No. 117.) Accordingly, the record does not reflect that Fri's conduct was willful.

The undersigned is also unable to discern any prejudice that Plaintiff would suffer if the default were set aside. "Delay alone is not a sufficient basis for establishing prejudice." *Dassault Systemes, SA*, 663 F.3d at 842 (cleaned up). Rather, to show prejudice, an opposing party must show "that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id*. (quoting *INVST Fin. Grp.*, 815 F.2d at 398). No such concerns are present here. This case is in its procedural infancy and a case schedule was entered only a week before Fri moved to set aside the default. (ECF No. 116.) Discovery remains open until November 15, 2023, which is ample time for Plaintiff to conduct any discovery relating to Fri. (*Id.*)

Finally, "if any defense relied upon states a defense good at law, then a meritorious defense has been advanced. . . . Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits." *United Coin Meter Co.*, 705 F.2d at 845–46 (internal quotation marks and citations omitted). Fri's proposed answer asserts defenses, among others, related to failure to state a claim upon which relief may be granted, qualified immunity, and failure to exhaust administrative remedies, all of which are defenses "good at law." Accordingly, the *United Coin* factors all favor setting aside the entry of default.[1]

For the foregoing reasons, Fri's Motions (ECF Nos. 117–18) are **GRANTED**. The entry of default (ECF No. 115) is **VACATED**. The Clerk is **DIRECTED** to file on the docket Fri's proposed Answer to the Second Amended Complaint, attached to his Motion for Leave to File Answer *Instanter* as Exhibit 1 (ECF No. 118-1).

---

[1] Fri is also correct that in actions commenced by a prisoner, defendants are not required to file an answer to the complaint unless ordered to do so by the Court. 42 U.S.C. § 1997e(g)(1)–(2). The entry of default should also be set aside for this additional reason.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE