UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY R. PERRY,

      Plaintiff,

v.                                              Civil Action 1:22-cv-178
                                                   Judge Jeffery P. Hopkins
                                                   Magistrate Judge Chelsey M. Vascura

RONALD ERDOS, *et al.*,

      Defendants.

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Anthony R. Perry, an Ohio inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, alleging that several corrections officers of the Southern Ohio Correctional Facility used excessive force in violation of the Eighth Amendment. This matter is before the Court on several motions by Plaintiff and Defendants.

      I.      **PLAINTIFF'S MOTION TO AMEND AND/OR ADD PARTIES**

Plaintiff's Motion to Amend and/or Add Parties (ECF No. 121) seeks to amend the Second Amended Complaint to reference the testimony of a witness, Caleb Willis, and to reassert claims against previously dismissed Defendants Ms. Davis, Ronald Erdos, and Mrs. Mahlman. Plaintiff need not amend his Complaint to introduce the testimony of Mr. Willis on summary judgment or at trial. Further, Plaintiff has not provided any facts or argument that would support revisiting the Court's dismissal of Defendants Davis, Erdos, and Mahlman. (*See* June 22, 2022 R. & R., ECF No. 30; August 3, 2022 Order Adopting R. & R., ECF No. 41.) Accordingly, Plaintiff's Motion to Amend and/or Add Parties (ECF No. 121) is **DENIED**, and

Defendants' Motion to Strike Plaintiff's Motion to Amend and/or Add Parties (ECF No. 123) is **DENIED AS MOOT**.

## II. PLAINTIFF'S MOTION FOR DISCOVERY

Plaintiff's Motion for Discovery (ECF No. 122) merely provides a list of potential witnesses and an outline of their testimony. Plaintiff does not appear to be seeking discovery from Defendants or any third party, or any other form of relief. Accordingly, Plaintiff's Motion for Discovery (ECF No. 122) is **DENIED AS MOOT**.

## III. PLAINTIFF'S MOTION TO FILE A GRIEVANCE

Plaintiff's Motion to File a Grievance (ECF No. 125) seeks leave to file a grievance against Defendants' counsel stemming from alleged factual inaccuracies contained in Defendants' filings. But Plaintiff has had a full opportunity to respond to all of Defendants' filings, and there is no mechanism for filing a grievance against an opposing party's counsel in this Court. Plaintiff also notes that he has submitted several grievances to prison officials against correctional officers who are not parties to this action; these grievances therefore have no relevance to the case at bar. Finally, Plaintiff seeks leave to appeal several prior orders of this Court, including the recommendation that Plaintiff's request for injunctive relief in the form of a transfer to another facility be denied and the dismissal of Defendants Davis, Erdos, and Mahlman. But again, Plaintiff has not provided any facts or argument that would support revisiting the Court's prior rulings. Accordingly, Plaintiff's Motion to File a Grievance (ECF No. 125) is **DENIED**.

## IV. DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Finally, Defendants Fri and Scott move for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). (ECF No. 124.) As grounds, Defendants note that in Plaintiff's Motion for Discovery, Plaintiff states, "[t]he two defendants that assaulted the Plaintiff,(s) are

2

Dofflemyer and Pierce on the given date of 6/25/20 between the times of 7pm–9pm." (ECF No. 122, PAGEID #710.) Defendants contend that this statement in Plaintiff's Motion for Discovery contradicts his Second Amended Complaint, in which Plaintiff alleged that all four Defendants—Dofflemyer, Pierce, Scott, and Fri—participated in the beating. (2d Am. Compl., ECF No. 31.) However, a Court evaluating a motion for judgment on the pleadings considers only the pleadings and their attachments—not subsequently filed motions. *See*, *e.g.*, *Gascho v. Glob. Fitness Holdings, LLC*, 918 F. Supp. 2d 708, 719 (S.D. Ohio 2013) ("While Courts generally do not consider matters outside the pleadings when reviewing Rule 12(b)(6) or Rule 12(c) motions, they may consider exhibits attached to the pleadings if those exhibits are referenced in the pleadings and are central to the claims."). Further, the Court does not construe Plaintiff's Motion for Discovery as a request or attempt to amend his Complaint. Accordingly, Plaintiff's Motion for Discovery cannot be considered by the Court in ruling on Defendants' Motion for Judgment on the Pleadings.

And even if the Court were to consider the Motion for Discovery, Plaintiff's single statement on the first page of the Motion is not dispositive. Plaintiff also states multiple times throughout his Motion for Discovery that all four Defendants were involved in the incident. (*See*, *e.g.*, ECF No. 122, PAGEID #711) ("Dofflemeyer, Pierce, Scott, and Lt. Fri should all be terminated, fired, and suspended without pay. I want all those officers held fully accountable for their behavior, actions, and involvement in the assault that took place on the day of 6/25/20."). Plaintiff's Motion for Discovery does not, therefore, establish that "Defendant Curtis Scott and Garth Fri lack the personal involvement necessary to sustain a §1983 action and should be dismissed from the case." (Defs.' Mot. for J. on the Pleadings 6, ECF No. 124.) Accordingly, it

3

is **RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings (ECF No. 124) be **DENIED**.

## V. DISPOSITION

For the foregoing reasons, Plaintiff's Motion to Amend and/or Add Parties (ECF No. 121) is **DENIED**; Defendants' Motion to Strike Plaintiff's Motion to Amend and/or Add Parties (ECF No. 123) is **DENIED AS MOOT**; Plaintiff's Motion for Discovery (ECF No. 122) is **DENIED AS MOOT**; and Plaintiff's Motion to File a Grievance (ECF No. 125) is **DENIED**. It is **RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings (ECF No. 124) be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of

the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE