UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTHONY R. PERRY,<br><br>*Plaintiff*,<br><br>v.<br><br>RONALD ERDOS, *et al.*,<br><br>*Defendants*. | :<br>:<br>:<br>:  Case No. 1:22-cv-178<br>:<br>:  Judge Jeffery P. Hopkins<br>:<br>:<br>:<br>: |

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS (DOCS. 106 & 127) AND OVERRULING OBJECTIONS (DOCS. 107, 108 & 109)**

This matter is before the Court on two Reports and Recommendations issued by Magistrate Judge Chelsey M. Vascura—the first on April 5, 2023 (Doc. 106) (the "First R&R"), and the second on July 10, 2023 (Doc. 127) (the "Second R&R"). In addition to issuing orders with respect to multiple pending matters in the case, the Magistrate Judge recommended in the First R&R that the Court deny Plaintiff's Motion for Injunctive Relief (Doc. 100) and in the Second R&R that the Court deny Defendants' Motion for Judgment on the Pleadings (Doc. 124). The Court has reviewed the applicable pleadings and both R&Rs.

As an initial matter, the Court notes that no objections have been filed to the Second R&R and that the time for filing such objections under Fed. R. Civ. P. 72(b) has expired. The Court therefore **ADOPTS** the Second R&R in its entirety.

As to the First R&R, however, Plaintiff filed objections. *See* Docs. 107, 108, 109. In the document titled "Objection to R&R and Appointed Counsel," Plaintiff asserts that the Magistrate Judge abused her discretion in denying his request for appointment of counsel under 28 U.S.C. § 1915(e) for three reasons: (1) she did not adequately consider the medical

reports regarding Plaintiff's psychological state; (2) she "erroneously concluded that because [Plaintiff] was competent to stand trial, [he] was capable of managing civil suits"; and (3) she "failed to consider that under 42 U.S.C.[] § 1983 suit against prison officials would include[] credibility and discovery issues and would be appropriate for appointment of counsel." Doc. 109 at PageID 651. The denial of counsel was not a recommendation to the undersigned under 28 U.S.C. § 636(b)(1)(B). Instead, it was a pretrial matter properly heard and determined by the Magistrate Judge under § 636(b)(1)(A). Although the Court may reconsider such an order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law," 28 U.S.C. § 636(b)(1)(A), the Court does not find that to be the case here. And indeed, the Magistrate Judge found that appointed counsel was not warranted "at this juncture." Doc. 106 at PageID 643.

The First R&R also included an order denying what was construed as a motion by Plaintiff to amend his complaint to add allegations of property theft (Doc. 104). Plaintiff appears to object to this denial in two of his filings: "Objection on Property Claim Theft" (Doc. 108) and "Objection to R&R and Appointed Counsel" (Doc. 109). In both, Plaintiff cites to numerous provisions of the Alaska Statutes governing public health, government contracts, and probation. In the latter, Plaintiff also asserts he is entitled to damages for stolen property under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§ 2000cc–2000cc-5. Plaintiff has not shown that the Magistrate Judge's order denying his request to add property theft claims is "clearly erroneous or contrary to law." The Court accordingly declines to reconsider it.

Finally, Plaintiff objects to the Magistrate Judge's recommended denial of his request for injunctive relief and removal from Southern Ohio Correctional Facility. A district judge

2

"shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). General or unspecific objections are treated the same as a failure to object. *See Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

In his filing entitled "Motion Procedure on Objection" (Doc. 107), Plaintiff vacillates between recounting his own claims and quoting portions of *Gonzales v. Nat'l Bd. of Med. Examiners*, 225 F.3d 620 (6th Cir. 2000), a case addressing a medical student's request for injunctive relief under the Americans with Disabilities Act. The portions of the document that reference his case do no more than repeat the claims set forth in his initial request for injunctive relief and express disagreement with the recommended outcome. The Court can discern no specific objection in this document and accordingly treats it as a failure to object.

The Court likewise cannot make out any specific objection to the recommended denial of injunctive relief in the document titled "Objection to R&R and Appointed Counsel" (Doc. 109). Although difficult to discern, Plaintiff could be arguing that he has indeed been retaliated against since the filing of this action, which is contrary to the Magistrate Judge's finding that he "does not allege that the Defendants have continued to employ excessive force in the interim." Plaintiff cites to an Alaska Statute regarding claims against the state for intentional or grossly negligent violations of Alaska's quarantine statutes[1] right before

---

[1] *See* Alaska Stat. § 09.50.250 (2020) ("[I]f a state employee quarantines or isolates a person with gross negligence or in intentional violation of AS 18.15.385, the state shall pay to the person who was quarantined or isolated a penalty of $500 for each day of the improper quarantine.").

3

asserting that, over periods of time in October and November 2022, he was placed on suicide watch and/or in different corridors or cell blocks. Still, to the extent this is the case, Plaintiff cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). In any event, despite Plaintiff's generalized objections, the Court has conducted a *de novo* review of the record and the First R&R and finds that the recommended decision should be accepted.

For the reasons stated above, it is hereby **ORDERED** that the First R&R and Second R&R are each **ADOPTED** in their **ENTIRETY**. Plaintiff's Motion to File Rule 65 Injunction and Restraining Orders (Doc. 100) and Defendants' Motion for Judgment on the Pleadings (Doc. 124) are both **DENIED**.

**IT IS SO ORDERED.**

Dated: September 30, 2023

Hon. Jeffery P. Hopkins
United States District Judge