UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ANTHONY R. PERRY,

    **Plaintiff,**

v.                                Civil Action 1:22-cv-178
                                      Judge Jeffery P. Hopkins
                                      Magistrate Judge Chelsey M. Vascura

RONALD ERDOS, *et al.*,

    **Defendants.**

## OPINION AND ORDER

Plaintiff, Anthony R. Perry, an Ohio inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 asserting that Defendants engaged in excessive force in violation of his Eighth Amendment rights. This matter is before the Court on Plaintiff's Motion to File Immunity Relief Claim (ECF No. 134), which the Court construes as a motion for leave to file a Third Amended Complaint. For the reasons that follow, Plaintiff's Motion is **DENIED**.

        **I.**         **BACKGROUND**

On May 15, 2023, the Court entered a Scheduling Order which set the deadline for motions to amend the pleadings on June 30, 2023. (ECF No. 116.) The Scheduling Order also set the deadlines for completion of discovery and dispositive motions on November 15, 2023, and December 15, 2023, respectively. (*Id.*) There have been no extensions of the deadlines in the Scheduling Order.

On November 20, 2023—nearly five months after the deadline for motions to amend the pleadings, five days after the close of discovery and less than 30 days before the dispositive

motions deadline—Plaintiff filed the subject Motion, requesting to amend his Complaint to seek additional monetary damages arising out of the same excessive force incident underlying his existing Second Amended Complaint. (ECF No. 134.) Defendants have not filed a response to Plaintiff's Motion and the time to do so has now expired.

## II.    STANDARDS GOVERNING PLEADING AMENDMENTS

A district court is required to enter a scheduling order, which limits the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When, as in the instant case, a party misses a scheduling order's deadlines and seeks a modification of those deadlines, the party must first demonstrate good cause. *See* Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quotation omitted); *accord Leary v. Daeschner,* 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (quotation omitted)). "Another important consideration . . . is whether the opposing party will suffer prejudice by virtue of the amendment." *Leary*, 349 F.3d at 906 (citing *Inge*, 281 F.3d at 625).

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15. Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (noting that

2

courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits") (internal quotations omitted). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). A court may deny a motion for leave to amend for futility if the amendment could not withstand a motion to dismiss. *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005).

### III.     ANALYSIS

Because the deadline for motions to amend the pleadings expired nearly five months before Plaintiff sought leave to amend his Complaint, Plaintiff must satisfy Rule 16's good cause standard. Plaintiff has not done so. Nothing in Plaintiff's Motion explains why he could not have included the proposed new allegations (all of which appear to relate to the same excessive force incident on June 25, 2020, and its immediate aftermath) in his earlier Complaints. *See, e.g., Huang v. Ohio State Univ.*, No. 2:19-CV-1976, 2021 WL 1289767, at *2 (S.D. Ohio Apr. 7, 2021) ("the test is not whether Plaintiff *realized* she wanted to amend her Complaint prior to the deadline; rather, Rule 16 requires Plaintiff to demonstrate that she *could not have*, despite the exercise of reasonable diligence, sought leave to amend prior to the deadline.") (citing *Leary*, 349 F.3d at 906) (emphasis in original). Plaintiff has therefore not demonstrated diligence in seeking leave to amend.

The Court must also consider possible prejudice to Defendants as a result of extending the pleading amendment deadline. Given the late stage of the case, Defendants would almost certainly be prejudiced by permitting amendment at this time. *See, e.g., Leary*, 349 F.3d at 892

3

("Defendant would suffer prejudice by allowing this amendment which would require the reopening of discovery at this late stage of the proceedings."); ; *Sterling Jewelers Inc. v. Alex & Ani, LLC*, No. 5:17-CV-2540, 2019 WL 95842, at *3 (N.D. Ohio Jan. 3, 2019) ("Given that the periods for non-expert and expert discovery have expired, and the January 15, 2019 dispositive motion deadline is fast approaching, any extension of the discovery periods would have the cascading effect of jeopardizing the Court's remaining dates and deadlines."). However, even if Defendants would not be prejudiced by the amendment, the undersigned concludes that Plaintiff's lack of diligence carries the day. As the "primary measure" of Rule 16's good cause standard, *Inge*, 281 F.3d at 625, lack of diligence by the movant should ordinarily carry more weight than lack of prejudice to the nonmovant. *See Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 460 (S.D. Ohio 2021) ("Prejudice to the non-moving party is a relevant consideration in a 16(b) analysis, but the main focus should remain on the moving party's exercise of diligence.") (cleaned up). Accordingly, Plaintiff's Motion is **DENIED**.

### IV. DISPOSITION

For the foregoing reasons, Plaintiff's Motion to File Immunity Relief Claim (ECF No. 134), which the Court construes as a motion for leave to file a Third Amended Complaint, is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE

4