IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ANTHONY PERRY, | : |
| *Plaintiff*, | : Case No. 1:22-cv-178 |
| vs. | : Judge Jeffery P. Hopkins |
| RONALD ERDOS, *et al.*, | : |
| *Defendants*. | : |

**ORDER ADOPTING IN PART AND REJECTING IN PART
REPORT AND RECOMMENDATION**

This matter is before the Court on the Report and Recommendation issued by Magistrate Judge Chelsey M. Vascura on January 30, 2024. Doc. 138. The Magistrate Judge recommends that Defendants' motion for summary judgment (Doc. 136) be granted in part and denied in part. Plaintiff Anthony Perry and Defendants Robert Dofflemyer and Michael Pierce have objected to the R&R. *See* Docs. 139, 140. For the reasons below, Plaintiff's objections are **OVERRULED**, Defendants' objections are **SUSTAINED**, and the Magistrate Judge's R&R is **ADOPTED IN PART** and **REJECTED IN PART**.

**I.    BACKGROUND**

**A.   Factual Background**

Plaintiff Anthony Perry was incarcerated at the Southern Ohio Correctional Facility on June 25, 2020. On that date, another inmate, Caleb Willis, was involved in a physical altercation with one of the correctional officers. Perry Dep., 136-1, 21:3–22. Mr. Perry was locked down in his cell when that altercation occurred, so while he could not see what was

happening, he could hear the altercation. *Id.* at 22:2–6. Some officers that responded to that altercation, including Defendants Robert Dofflemyer, Michael Pierce, Curtis Scott, and Garth Fri, came to Plaintiff's cell around 8:00 p.m. after Mr. Willis had been sent out. *Id.* at 23:19–24:14. Plaintiff believes they came to his cell because he is Muslim like Mr. Willis. *Id.* at 34:13–20.

Upon arrival, Plaintiff and Defendants exchanged words, including one of them calling Plaintiff "a nigger." *Id.* at 25:22–26:4. Defendant Scott then said, "you motherfuckers want to come here and put your hands on our COs, we'll beat your ass, boy." *Id.* at 27:10–28:4. Plaintiff insisted that he was not a threat and came out of his cell with his hands up. *Id.* Defendant Scott then began to search Plaintiff's cell and break his personal items. *Id.* at 28:10–29:14. Defendant Fri was present but "didn't do nothing" when Plaintiff commented on Defendant Scott's conduct. *Id.* Plaintiff then "had an irate moment and [he] just started cussing and going crazy because [Defendant Scott] was breaking his stuff." *Id.*

Defendants Dofflemyer and Pierce then cuffed Plaintiff and began escorting him away. *Id.* at 30:1–22. Plaintiff was walking in front of them, and at the time, he was on medication for depression, anxiety, and paranoid schizophrenia. *Id.* at 31:17–32:3. Plaintiff reports that, due to his medication, he had an episode and started twitching. *Id.* When his body locked up, Defendants Dofflemyer and Pierce allegedly threw him into a window headfirst, causing Plaintiff to fall back and hit his head. *Id.* He was "completely knocked out," and Defendants Dofflemyer and Pierce allegedly proceeded to beat him while he was on the ground with PR sticks. *Id.* at 32:5–14, 36:21–37:6. A female bystander screamed at them to stop. *Id.*

2

Plaintiff testified that he did not receive medical attention for a week after the incident[1] and that any medical records that indicate he was seen on June 25, 2020, would be "incorrect." *Id.* at 40:1–9. However, medical records produced for that day indicate that Plaintiff was seen by a nurse on June 25, 2020. Plaintiff reported that he was "okay," and denied pain or injury. Doc. 136-4, PageID 914. The nurse observed that Plaintiff was alert and oriented, respirations were even and unlabored, his gait was steady, and there were no signs of injuries or distress noted. *Id.* Plaintiff refused medical treatment and was released to restrictive housing. *Id.* The nurse signed the record at 8:43 p.m.

The accounts of Defendants Dofflemyer and Pierce differ. Defendants Dofflemyer and Pierce assert that they responded to a disturbance in Plaintiff's housing block on June 25, 2020, because Plaintiff was "threatening staff, stating that he kills people on the streets." Dofflemyer Aff., Doc. 136-2; Pierce Aff., Doc. 136-3. They were escorting Plaintiff out of his block when he tensed up and lunged toward Defendant Pierce. *Id.* Plaintiff's head then struck Defendant Pierce's head, and Plaintiff "continued thrashing his body around uncontrollably and ignoring direct orders to calm down." *Id.* Defendants Dofflemyer and Pierce "used force" to place Plaintiff against the wall or window so they could gain control. *Id.* Plaintiff "continued to twist and turn his body in an attempt to get out of [their] grasps," and ignored their orders to calm down. *Id.* Defendants Dofflemyer and Pierce then used additional force to place Plaintiff on the ground. *Id.* After that, others helped gain control of Plaintiff. *Id.* Plaintiff was assisted to his feet, escorted to the J2 housing block without further incident, and was then evaluated by medical staff. *Id*; *see also* Doc. 136-4, PageID 881, 888.

---

[1] Plaintiff also conveyed during his deposition that he requested an x-ray and that an x-ray was completed after the incident—though it is unclear to the Court when this allegedly occurred. Perry Dep., 136-1, 41: 4–10. Plaintiff did not provide any supporting documentation or testify as to the results of the x-ray.

3

### B. Procedural Background

After the Magistrate Judge's initial review of Plaintiff's second amended complaint pursuant to 28 U.S.C. § 1915, the Court permitted Plaintiff to proceed on his individual-capacity Eighth Amendment claims under 42 U.S.C. § 1983 predicated on the use excessive force against Defendants Dofflemyer, Pierce, Scott, and Fri. On December 14, 2023, Defendants moved for summary judgment on that claim. Doc. 136. Plaintiff did not file a response.

The Magistrate Judge recommends in the R&R that Defendants' motion for summary judgment be granted in part and denied in part. Doc. 138. The Magistrate Judge concluded that the undisputed facts show that Defendants Scott and Fri were not involved in the use of force at issue. Doc. 138, PageID 938–39. But the Magistrate Judge determined that Defendants Dofflemyer and Pierce, who were personally involved, have not shown that their use of force was reasonable, nor that they are entitled to qualified immunity. *Id.* at PageID 939–44. Both parties have filed objections. Plaintiff objects to the Magistrate Judge's finding that Defendants Scott and Fri are entitled to summary judgment. Defendants Dofflemyer and Pierce object to the determination that they are not entitled to summary judgment.

## II. STANDARDS OF REVIEW

### A. Reports and Recommendation

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*, § 636(b)(1).

4

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of identifying the portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The non-moving party, however, cannot defeat summary judgment merely by pointing to any factual dispute. As the Sixth Circuit has explained, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Int'l Outdoor, Inc. v. City of Troy*, 974 F.3d 690, 697 (6th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)).

The reviewing court must ultimately determine whether there is some "sufficient disagreement" that demands submitting the matter to a jury. *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251–52). In making that determination, the court must afford all reasonable inferences, and view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995).

### III. LAW AND ANALYSIS

The only claim remaining in this § 1983 action is the one Plaintiff brought for excessive force. An excessive force claim may arise under the Fourth, Eighth, or Fourteenth Amendments. *Hopper v. Plummer*, 887 F.3d 744, 751 (6th Cir. 2018). As here, when an excessive force claim is brought by a convicted person, the claim falls within the purview of the Eighth Amendment's bar on unnecessary and wanton infliction of pain against prisoners.

5

*See Whitley v. Albers*, 475 U.S. 312, 318–19 (1986). In that context, the "prisoner must satisfy both an objective and subjective component." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).

The state of mind of prison officials is central to the subjective component. In this instance, the relevant inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). Factors such as "the need for the application of the force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted are relevant to the ultimate determination," as are other factors such as "the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response." *Whitley*, 475 U.S. at 321 (citations omitted).

The objective component, on the other hand, requires a court to consider whether the pain inflicted qualifies as "sufficiently serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "This is a 'contextual inquiry' that is 'responsive to contemporary standards of decency.'" *Williams*, 631 F.3d at 383 (quoting *Hudson*, 503 U.S. at 8–9). Importantly, "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated…whether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

### A. Defendants Dofflemyer and Pierce are entitled to summary judgment.

Defendants Dofflemyer and Pierce contend that the Magistrate Judge erroneously evaluated the subjective and objective components. The Court need not reach consideration

6

of the subjective component because, as discussed below, Defendants Dofflemyer and Pierce have raised a legitimate and prevailing concern related to the objective component—such that when considering the evidence related thereto, there is no genuine dispute of material fact.

In their motion for summary judgment, Defendants rely on medical evidence that shows Plaintiff was evaluated by a medical professional on June 25, 2020—within an hour or so of the use of force incident. That evidence reflects that there were "no signs of injuries or distress noted," and that Plaintiff denied pain or injury, "refused" medical treatment, and reported he was "okay." Doc. 136-4, PageID 914. Because he did not file any response, there is no discernable evidence beyond Plaintiff's testimony and allegations that would rebut the medical evidence offered by Defendants. The complaint alleged that Defendants Dofflemyer and Pierce's actions caused him "severely [sic] hurt, suffering, and severe pain in [his] left hand, arm, and wrist." Doc. 31, PageID 297. Contrary to the medical evidence Plaintiff testified that he was not seen by medical staff at the prison on June 25. Perry Dep., Doc. 136-1, 40:1–9. And according to Plaintiff, if there are any records that show otherwise, they are "incorrect." *Id.* Even though Plaintiff alleges that he was not seen by medical professionals until a week after the June 25 incident and that he had an x-ray taken of his injuries at some later point, he has not produced into evidence any of those records.

Plaintiff seems to suggest that this inconsistency in the evidence—between his version of what occurred on June 25 and Defendants' version of the story as far as the medical treatment he did or did not receive—creates a genuine issue of material fact. But "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380

7

(2007). Plaintiff's own statements are contradicted by the evidence, and his argument that the medical evidence is "incorrect" is merely speculation. *Arendale v. City of Memphis*, 519 F.3d 587, 605 (6th Cir. 2008) ("In order to survive summary judgment, Plaintiff cannot rely on conjecture or conclusory allegations."). Aside from the medical evidence itself, other evidence in the record reflects that Plaintiff was evaluated by prison medical staff on June 25, 2020, shortly after the use of force incident. Doc. 136-4, PageID 881, 888. This again contradicts Plaintiff's own self-serving and uncorroborated account that he was not seen by medical staff on that date. While self-serving statements can in some circumstances create a genuine dispute of material fact to be resolved at trial, the opposite is true when self-serving testimony is demonstrably false or blatantly contradicted by other evidence. *Davis v. Gallagher*, 951 F.3d 743, 750 (6th Cir. 2020).

In short, the evidence clearly shows that Plaintiff had no apparent injuries when evaluated by medical personnel at the prison and that he refused medical treatment on June 25. *Brooks v. Dillow*, No. 1:15-cv-812, 2016 WL 6493419, at *11 (S.D. Ohio Nov. 2, 2016), report and recommendation, adopted, 2016 WL 7034241 (S.D. Ohio Dec. 2, 2016) ("the lack of any discernible injury" undermined plaintiff's allegations that defendant "forcefully 'slammed' or 'rammed' him into two walls"); *see also Johnson v. Sootsman*, 79 F.4th 608, 618–19 (6th Cir. 2023) ("[A]lthough the Eighth Amendment does not require a prisoner to suffer 'serious injury,' the 'absence' of such an injury goes a long way to disprove any claim that an officer used force with the required intent to harm.") (citation omitted).

Similar facts were before the Sixth Circuit in *Richmond v. Settles*, 450 F. App'x 448, 454 (6th Cir. 2011). There, the plaintiff brought an Eighth Amendment excessive force claim against correctional officers after he was tripped and battered by them. The district court in

8

that case granted summary judgment in favor of the officers because the plaintiff had not established a sufficiently serious injury. The Sixth Circuit agreed because the record showed that the plaintiff had suffered no more than *de minimis* injury and he did not require any medical treatment after his initial evaluation. *Id.* The Sixth Circuit emphasized that "a prisoner must allege that he suffered more than a *de minimis* injury in order to state a viable excessive force claim." *Id.* (citing *Hudson*, 503 U.S. at 9–10).

Beyond the general allegations of his injuries detailed in the second amended complaint and his other filings, Plaintiff has not offered specific facts that rebut the medical evidence. *See* Doc. 31, PageID 297; *Doren v. Battle Creek Health Sys.*, 187 F.3d 595, 598 (6th Cir. 1999) ("Federal Rule of Civil Procedure 56(e) states that a party must offer 'specific facts showing that there is a genuine issue for trial.'"). And, during his deposition, Plaintiff did not try to describe the injuries he received during the use of force incident. Thus, the Court is left to rely on Plaintiff's vague allegations that he was "severely hurt," "suffering," and had "severe pain in [his] left hand, arm, and wrist" in deciding whether the pain inflicted was sufficiently serious. Doc. 31, PageID 297. Merely reciting allegations such as these, without more, in no way substantiates Plaintiff's claim that Defendants engaged in an unconstitutional application of force when Defendants sought to gain control of him. *See Fortson v. Henness*, No. 1:22-cv-410, 2024 WL 3512747, at *11 (S.D. Ohio Feb. 23, 2024) ("In short, the evidence that [defendant] presents is all consistent with him applying a de minimis amount of force to [plaintiff]. Therefore, absent additional evidence creating a genuine factual dispute, [plaintiff's] excessive-force claim related to that incident fails on the objective prong.").

Although an inmate "does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury," *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010), not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. Because he has not shown that he suffered more than *de minimis* injury—let alone any injury at all—Plaintiff has failed to allege that the conduct of Defendants Dofflemyer and Pierce during the use of force incident was objectively harmful enough to establish a violation of his Eighth Amendment rights. *See Penn v. Eash*, No. 1:22-cv-262, 2023 WL 6961839, at *10–11 (S.D. Ohio Oct. 20, 2023), report and recommendation, adopted, 2023 WL 7699832 (S.D. Ohio Nov. 15, 2023). Defendants Dofflemyer and Pierce are therefore entitled to summary judgment.

### B. Defendants Scott and Fri are entitled to summary judgment.

As the Magistrate Judge correctly noted, Plaintiff must show "personal involvement" by Defendants Scott and Fri to establish liability under 18 U.S.C. § 1983. *See Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008). Based upon Plaintiff's own deposition testimony, it is clear that these defendants—Scott and Fri—were not personally involved in the use of force at issue. Perry Dep., Doc. 136-1, 31:2–16. To the extent that he raises a theory of *respondeat superior*, Plaintiff must show that these defendants were "somehow personally involved in the unconstitutional activity of a subordinate," "or at least acquiesced in the alleged unconstitutional activity." *Wingo v. Tenn. Dept. of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Dunn v. State of Tenn.*, 697 F.2d 121, 128 (6th Cir. 1982), *Bellamy v. Bradley*, 928 F.2d 416, 421 (6th Cir. 1984). Plaintiff has not done so and his objections are therefore overruled. Defendants Scott and Fri are entitled to summary judgment.

### IV. CONCLUSION

In sum, Plaintiff's objections (Doc. 140) are **OVERRULED**, Defendant Dofflemyer and Pierce's objections (Doc. 139) are **SUSTAINED**, and the Magistrate Judge's R&R (Doc. 138) is **ADOPTED IN PART** and **REJECTED IN PART**. Accordingly, Defendants' motion for summary judgment (Doc. 136) is therefore **GRANTED** and Plaintiff's second amended complaint (Doc. 31) is **DISMISSED** with prejudice. The Court therefore **DIRECTS** the Clerk to enter judgment and to **TERMINATE** this case on its docket.

**IT IS SO ORDERED.**

Dated: August 21, 2024

                                                      Hon. Jeffery P. Hopkins
                                                      United States District Judge